IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

**CARRIE WILLIAMSON,**

    **Petitioner,**

**v.**                                 **CIVIL ACTION NO. 1:06-00899**

**DEBORAH HICKEY,**

    **Respondent.**

### MEMORANDUM OPINION

On October 23, 2006, petitioner filed a petition under 28 U.S.C. § 2241 seeking a writ of habeas corpus. (Doc. No. 1.) Petitioner was sentenced in the Western District of Pennsylvania on September 16, 2006.[1] (See id.) Petitioner seeks to be placed on home confinement during the last several months of her term of incarceration due to extenuating circumstances. (See id. at 12.) Petitioner states that her husband, the sole provider for their four children, is in the United States Army and is scheduled to deploy to Iraq on November 1, 2006. (Id.) Because he will be deployed, petitioner requests to spend the remaining two to three months of her eighteen month sentence on home confinement so that she can care for their children. (Id.)

---

[1] By Standing Order, this case was initially referred to a magistrate judge for preparation of proposed findings and recommendation as to disposition. (Doc. No. 3.) To expedite this case's disposition, the court hereby **VACATES** the Standing Order, only as applied to this case.

28 U.S.C. § 1915A(a) directs courts to review complaints filed by prisoners against the government "before docketing, if feasible or . . . as soon as practicable after docketing" to ascertain whether they contain valid claims.  Section 1915A(b)(1) directs the court to dismiss any complaint, or portions of any complaint, which contain claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted."  Id.

A search of the records of the Bureau of Prisons indicates that petitioner has been released as of the date of this opinion.  Petitioner's case must fail because she has been released from prison.  As such, by accompanying Judgment Order, petitioner's claim seeking habeas corpus is moot, and must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).  See Spencer v. Kemna, 523 U.S. 1, 7 (1998) (holding that a "collateral consequence" of conviction must exist after a prisoner's release in order for her to continue to maintain a challenge to her confinement); Lopez v. Fed. Bureau of Prisons, No. 05-1772CCC, 2006 WL 219607, at *1 (D.P.R. 2006).

Because this case fails to state a claim upon which relief can be granted, in an accompanying Judgment Order, the court: (1) **DISMISSES** petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1), and (2) **DIRECTS** the Clerk to remove this action from the active docket of this court and to forward a certified copy of this Memorandum Opinion to all

counsel of record, to Magistrate Judge VanDervort, and to the petitioner, pro se.

    IT IS SO ORDERED this 12th day of March, 2007.

                      ENTER:

                        David A. Faber
                        Chief Judge